UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KEITH EUGENE SCHRIVER, JR., <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN W. COLVIN, <br> Commissioner of Social Security, <br><br> Defendant. | No. 2:14-CV-0143-JTR <br><br> ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-Motions for Summary Judgment. ECF No. 14, 16. Attorney Dana C. Madsen represents Keith Eugene Schriver, Jr. (Plaintiff); Special Assistant United States Attorney Franco L. Becia represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## JURISDICTION

Plaintiff filed applications for a period of disability, Disability Insurance Benefits and Supplemental Security Income (SSI) on October 7, 2008, alleging disability since July 15, 2006, due to heart issues, headaches, and problems with his left ankle, right knee, right elbow and lower back. Tr. 155. The applications were denied initially and upon reconsideration. Administrative Law Judge (ALJ) R.J. Payne held a hearing on February 26, 2010, Tr. 31-67, and issued an unfavorable decision on March 11, 2010, Tr. 16-27. The Appeals Council denied review and Plaintiff thereafter commenced action in federal court. On September

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

12, 2011, Magistrate Judge James P. Hutton granted Plaintiff's motion for summary judgment and remanded the matter on one specific issue: A new step five determination with the assistance of a vocational expert. Tr. 372-388.

The Appeals Council entered an order of remand on April 3, 2012, Tr. 404-406, and ALJ Payne held a new hearing on August 2, 2012, Tr. 389-403. The ALJ issued another unfavorable decision on August 24, 2012, Tr. 349-360, and the Appeals Council declined further action on March 20, 2014, Tr. 334-337. The August 24, 2012, decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on May 14, 2014. ECF No. 1, 4.

## STATEMENT OF FACTS

The facts of this case have not changed since Judge Hutton's September 12, 2011, remand order. Tr. 372-388. No new or updated medical records have been submitted, other than a one-page document indicating Plaintiff was taking no medications, Tr. 447, and no new or additional testimony was elicited from Plaintiff or any medical professionals, Tr. 389-403.

Plaintiff was born on July 24, 1962, and was 43 years old on the alleged onset date, July 16, 2006. Tr. 359. Plaintiff completed high school and has worked as a vineyard laborer, hotel houseman, and warehouse worker. Tr. 40-44, 160, 167.

Plaintiff testified at the first administrative hearing that his ankle hurts daily, he has constant headaches and occasional back pain, and an elbow injury prevents lifting. Tr. 47-48, 50. Plaintiff reported he has had vision problems since childhood. He can only see with one eye at a time and has no binocular vision. Plaintiff testified he suffers heart palpitations five to six times a month and about three times a month this issue causes him to blackout. Tr. 51-53. Plaintiff stated he has sleep problems, he can stand one hour and walk two hours, he "nods off" after sitting for an hour, and he is able to lift and carry 10-15 pounds. Tr. 54-56,

61. Plaintiff also testified he suffers from depression and has suicidal thoughts every few days. He lives alone with his dog in an isolated area without running water, electricity, or indoor plumbing. The nearest water source is a half-mile from his home. He sees a neighbor about once a month. Tr. 53, 56-60, 63-64.

At the August 2, 2012, administrative hearing, vocational expert K. Diane Kramer (VE) testified. Tr. 392-402. The VE identified Plaintiff's past relevant work as insulation installer; building maintenance laborer; seed packer, laborer; and vineyard supervisor, Tr. 393-398, and opined that Plaintiff would not be able to perform any of his past relevant work. Tr. 399-400. In response to a hypothetical which reflected Plaintiff's residual functional capacity, the VE testified that work existed in significant numbers in the national economy which Plaintiff could perform, including the jobs of cleaner I, advertising material distributor, and parking lot attendant. Tr. 399-401.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed de novo, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). Nevertheless, a decision supported by

substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence exists to support the administrative findings, or if conflicting evidence exists that will support a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see, Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(i-v), 416.920(a)(4)(i-v).

## ADMINISTRATIVE DECISION

On August 24, 2012, the ALJ issued a new decision finding Plaintiff was not disabled as defined in the Social Security Act. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since July 15, 2006, the alleged onset date. Tr. 351. At step two, the ALJ determined Plaintiff had the following severe impairments: syncopal episodes due to unknown causes, strabismus,

hypertension, obesity, cardiomyopathy, and history of left ankle sprain. Tr. 351. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 352.

The ALJ assessed Plaintiff's RFC and determined he could perform a range of light exertion level work (he can sit for two hours at a time, stand for two hours at a time, and walk for two hours at a time; he is able to sit for six hours total in an eight-hour workday and stand/walk for six hours total in an eight-hour workday, with normal breaks; and he can lift/carry 20 pounds occasionally and 10 pounds frequently), except that he can only occasionally stoop, crouch, kneel, crawl and balance; can only occasionally climb stairs and ramps; can never climb ladders, ropes or scaffolds; cannot work around unprotected heights, hazardous machinery and open flames; cannot do commercial driving; cannot do work requiring binocular vision and can only use one eye at a time; and cannot perform job tasks requiring good depth perception or good bilateral peripheral vision. Tr. 353.

At step four, the ALJ found Plaintiff was unable to perform his past relevant work. Tr. 358-359. However, at step five, the ALJ determined that, considering Plaintiff's age, education, work experience and RFC, and based on the testimony of the vocational expert, there were other jobs that exist in significant numbers in the national economy, including the jobs of cleaner I, advertising material distributor and parking lot attendant, that Plaintiff could perform. Tr. 359-360. The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from July 15, 2006, the alleged onset date, through the date of the ALJ's decision, August 24, 2012. Tr. 360.

## ISSUES

The question presented is whether substantial evidence exists to support the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) improperly discrediting Plaintiff's symptom claims; (2) improperly evaluating the assessment of Dennis R. Pollack, Ph.D.; (3) improperly disregarding the opinion of medical expert Reuben Beezy, M.D.; and (4) presenting a hypothetical to the vocational expert which failed to account for all of Plaintiff's symptoms.

## DISCUSSION

### A.   Plaintiff's Credibility

Plaintiff first contends the ALJ erred by improperly discrediting his symptom claims.  ECF No. 14 at 8-10.  This Court, however, previously concluded the ALJ did not err in assessing Plaintiff's credibility.  Tr. 386-387.

The law of the case doctrine provides that an appellate court's decision on a legal issue must be followed in all subsequent proceedings in the same case.  *See United States v. Lewis*, 611 F.3d 1172, 1179–1180 (9th Cir. 2010).  Despite Plaintiff's argument to the contrary, ECF No. 17 at 2, the law of the case doctrine precludes the re-litigation of issues settled by a district court's order prior to remand.  *See Holst v. Bowen*, 637 F. Supp. 145, 148 (E.D. Wash. 1986);[1] *see also Pearson v. Chater*, 1997 WL 314380, at *3 (N.D. Cal. 1997) (holding that, "[u]nder the law of the case doctrine, this court will not re-examine its legal decision that the ALJ had sufficient reasons to discount [a medical expert's]

---

[1] In *Holst*, the social security matter had previously been remanded for further proceedings, with instructions to reconsider certain points of law and consider additional evidence offered by the claimant.  *Holst*, 637 F. Supp. at 145-146.  On remand, the ALJ conducted the full sequential analysis, took "prodigious" new evidence, and held that the claimant was not disabled.  *Id*. at 146.  The district court reversed, holding that the fact of the claimant's disability had become "the law of the case and [was] not subject to tampering in further administrative proceedings."  *Id*. at 147.

testimony"), *aff'd*, 141 F.3d 1178 (9th Cir. 1998); *Ischay v. Barnhart*, 383 F. Supp. 2d 1199, 1216 (C.D. Cal. 2005) (finding the doctrine of the law of the case applies to matters remanded for further proceedings); *Sanchez v. Astrue*, 2012 WL 3704756 at *13 (C.D. Cal. 2012) (finding the ALJ's decision exceeded the scope of remand because the remand was solely for purposes of permitting the ALJ to re-determine whether Plaintiff was disabled at step five, not to revisit the claimant's RFC).

Plaintiff argues in his reply brief that the law of case doctrine does not apply to sentence four remands. ECF No. 17 at 2. Plaintiff cites the Supreme Court case of *Shalala v. Schaefer*, 509 U.S. 292, 299 (1993) in support of his argument in this regard. In *Schaefer*, however, the Supreme Court held for the first time that the time for filing an application for fees in Social Security cases begins to run from the time the district court enters a judgment remanding the case for further administrative proceedings, rather than after a claimant has obtained benefits. *Schaefer*, 509 U.S. at 299-300. *Schaefer* set forth a new procedure for obtaining attorney fees under the Equal Access to Justice Act. It did not address or discuss the law of the case doctrine. *Schaefer* is inapposite.

Under the law of the case doctrine, a court will generally refuse to reconsider an issue that has already been decided by the same court or a higher court in the same case. *Jefferies v. Wood*, 114 F.3d 1484, 1488-1489 (9th Cir. 1997). Nevertheless, the Court may reconsider a previously decided issue if "(1) the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial." *Jefferies*, 114 F.3d at 1489 (footnote omitted) (internal quotation marks omitted). Plaintiff fails to assert an exception to the law of the case doctrine that would require the Court to reconsider the credibility issue previously decided in this case, and, in any event, the Court finds there is no clear error, intervening changes in the

ORDER GRANTING DEFENDANT'S MOTION . . . - 7

law, or new evidence that would require a refusal to follow the law of the case doctrine with respect to this issue.

Judge Hutton concluded the record supported the ALJ's March 11, 2010, adverse credibility finding. Tr. 387. Judge Hutton determined the ALJ's decision provided "clear and convincing reasons for his unchallenged credibility assessment, including (1) inconsistent statements; (2) activities inconsistent with claimed disabling limitations, and (3) a lack of supporting medical evidence for complaints of disabling limitations." Tr. 386. On remand, the ALJ again found Plaintiff not credible to the extent that Plaintiff's alleged limitations contradicted the ALJ's RFC determination. Tr. 354. The ALJ cited essentially the same factors for his credibility assessment that he previously relied upon and that Judge Hutton previously affirmed. Tr. 23-25, 354-358, 386-387.

Under the law of the case doctrine, the Court will not re-examine the legal determination that the ALJ provided clear and convincing reasons, supported by substantial evidence, for his adverse credibility determination.

**B.   Dr. Pollack**

Plaintiff next contends the ALJ erred by failing to accord weight to Dr. Pollack's assessment. ECF No. 14 at 10-11. Defendant responds that Judge Hutton's remand order determined the ALJ's reasons for discounting the opinion of examining psychologist Pollack were legally sufficient, Tr. 385-388; therefore, the law of the case doctrine again precludes the Court from reconsidering the issue. ECF No. 16 at 7-13.

The Court agrees with Plaintiff's opening brief assertion that the ALJ's comment that Plaintiff's counsel "is known to continually seek Dr. Pollack's favorable reporting," ECF No. 14 at 10; Tr. 357, is inappropriate and has "no place in the disability evaluation process." *Reed v. Massanari*, 270 F.3d 838, 843-844 (9th Cir. 2001) (quoting *Miles v. Chater*, 84 F.3d 1397, 1399 (11th Cir. 1996); *see also Miller v. Commissioner of Soc. Sec. Admin.*, 172 F.3d 303, 305 (3d Cir. 1999)

("[I]t is erroneous for an ALJ to reject every report submitted by a certain physician . . . simply because the physician often reaches the same conclusion.") (dicta). Nevertheless, the law of the case doctrine precludes the Court from reconsidering the ALJ's rationale for discounting the opinion of examining psychologist Pollack.

Judge Hutton's order to remand expressly affirmed the ALJ's rationale for discounting Dr. Pollack's February 2010 opinion. Tr. 385-388. He determined the ALJ provided specific, legitimate reasons supported by substantial evidence (a complete lack of treatment, contradictory opinions by other professionals, tests showing exaggeration, and failing to allege mental limitations until years after onset) for rejecting Dr. Pollack's conclusions. Tr. 387. Since none of the three exceptions to the law of the case doctrine are applicable with respect to this issue, *see Jefferies*, 114 F.3d at 1489, the Court will not revisit this prior ruling under the law of the case doctrine.

Even if the doctrine of the law of the case did not apply to the issue involving Dr. Pollack, the ALJ's current reasoning for rejecting the opinion of Dr. Pollack, Tr. 356-358, is identical to his prior rationale, Tr. 21-23, and again supported. The ALJ provided specific, legitimate reasons, supported by substantial evidence, for disregarding Dr. Pollack's opinions in this case.

**C.   Dr. Beezy**

Plaintiff asserts the ALJ also improperly disregarded medical expert Beezy's testimony regarding Plaintiff's syncope and blackouts. ECF No. 14 at 11. Defendant concedes the ALJ omitted a discussion of Dr. Beezy's testimony from his second decision, but argues this omission is harmless because the ALJ's RFC determination is in accord with the opinion expressed by Dr. Beezy. ECF No. 16 at 13-16.

Dr. Beezy testified at the first administrative hearing. Tr. 33-39. Dr. Beezy stated the record showed Plaintiff has complained of syncope episodes without a

known cause, preceded by heart palpitations, that occur three times a month; Plaintiff has a history of hypertension, chest pain, and mild cardiomyopathy as well as morbid obesity; there is a reference to heart surgery in the 1990's; Plaintiff has complained of left ankle pain subsequent to slipping on some ice in 2005 and 2006; Plaintiff has a history of strabismus, left leg surgery due to a fracture, right knee surgery for internal derangement, and hernia surgery; and Plaintiff has a history of polysubstance abuse prior to 1998. Tr. 22, 34-37. Dr. Beezy opined Plaintiff would be limited to light exertion level work with only occasional climbing, stooping, kneeling, crouching, crawling and balancing; no ladders, ropes or scaffolds; and no work requiring binocular vision or depth perception. Tr. 38. Dr. Beezy further opined that Plaintiff should be able to work eight hours a day, five days a week. Tr. 39.

Consistent with Dr. Beezy's testimony, the ALJ concluded Plaintiff had the residual functional capacity to perform light exertion level work, except that he could only occasionally stoop, crouch, kneel, crawl and balance; could only occasionally climb stairs and ramps; could never climb ladders, ropes or scaffolds; could not work around unprotected heights, hazardous machinery and open flames; could not perform commercial driving; could not perform work requiring binocular vision and could only use one eye at a time; and could not perform job tasks requiring good depth perception or good bilateral peripheral vision. Tr. 353. The ALJ did not exclude any limitations assessed by Dr. Beezy.

Even though the ALJ failed to specifically discuss Dr. Beezy's testimony in his second decision, it is clear that the ALJ's RFC determination does not conflict with Dr. Beezy's assessment of Plaintiff. Consequently, this error was "inconsequential to the ultimate non-disability determination" in this case and therefore harmless. *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (ALJ's failure to include impairment as severe at step two was harmless error where ALJ considered the limitations posed by the impairment at step four); *Johnson v.*

1  *Shalala*, 60 F.3d 1428, 1436 n.9 (9th Cir. 1995) (an error is harmless when the
2  correction of that error would not alter the result).  An ALJ's decision will not be
3  reversed for errors that are harmless.  *Burch v. Barnhart*, 400 F.3d 676, 679 (9th
4  Cir. 2005) (citing *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1991).

**D.    Vocational Expert**

Plaintiff lastly argues the ALJ erred by not including all of Plaintiff's symptoms in the hypothetical posed to the VE.  ECF No. 14 at 11-12.

The ALJ may rely on VE testimony if the hypothetical presented to the VE includes all functional limitations supported by the record and found credible by the ALJ.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).  An ALJ is not obliged to accept the limitations presented by Plaintiff's representative.  *Osenbrock v. Apfel*, 240 F.3d 1157, 1164-1165 (9th Cir. 2001); *Martinez v. Heckler*, 807 F.2d 771, 773 (9th Cir. 1986).  It is the province of the ALJ to make a final determination regarding Plaintiff's RFC and disability.

As indicated above, the ALJ concluded Plaintiff could perform light exertion level work, with certain exceptions.  Tr. 353.  The Court finds the ALJ's rationale for this RFC determination was legally sufficient and supported by substantial evidence in the record.  There is no credible evidence of record supporting greater limitations than those determined by the ALJ.  The ALJ was thus not required to include any further restrictions in the RFC assessment or the hypothetical presented to the VE.  The hypothetical presented to the VE at the administrative hearing and relied upon by the ALJ was proper because it reflected the ALJ's RFC determination, including the restriction that the individual could perform "no work requiring binocular vision" and could "only use one eye at a time," which is a reasonable interpretation of the evidence of record.  Tr. 399-401.

In response to the hypothetical which reflected Plaintiff's RFC, the VE testified that work existed in significant numbers in the national economy which Plaintiff could perform, including the jobs of cleaner I, advertising material

1  distributor, and parking lot attendant. Tr. 399-401. Accordingly, the ALJ did not
2  err by relying on the VE testimony that an individual with Plaintiff's profile could
3  perform other work that existed in significant numbers in the national economy.
4  The ALJ did not err at step five of the sequential evaluation process or by
5  concluding Plaintiff was not disabled.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error. Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 16**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED March 24, 2015.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE